IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

**JEFFREY CHAPELL, # 131306**                                              **PETITIONER**

**VS.**                                                    **NO. 3:13-cv-00235-MPM-JMV**

**EYDIE WINKEL, Warden**                                            **RESPONDENT**

**MOTION TO DISMISS PURSUANT TO § 2244(d)**

**COMES NOW** the Respondent, in the above-styled and numbered cause, by and through counsel, and moves this Court, pursuant to 28 U.S.C. § 2244(d), to dismiss[1] the Petition for Writ of Habeas Corpus, and in support thereof would show unto the Court the following:

**I.**

28 U.S.C. § 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] Respondent notes that Rule 4 of the Rules Governing §2254 Cases allows for a response other than a formal answer, as described in Rule 5, and explicitly states that, if the judge does not preliminarily dismiss the petition, "the judge must order the respondent to file an ***answer, motion, or other response*** within a fixed time." (Emphasis added). Further, the Rule 4 Advisory Committee Notes acknowledge that " Rule 4 authorizes the judge to 'take such other action as the judge deems appropriate,'" and specifically address the filing of a "motion to dismiss."

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Thus, unless the narrow exceptions of § 2244(d)(1)(B-D) apply, the AEDPA requires that a petitioner's federal habeas corpus petition be filed within one year of the date that the petitioner's judgment of conviction becomes final, subject to tolling for the period when a properly filed motion for post-conviction relief is pending in state court. *See, e.g., Cantu-Tzin v. Johnson*, 162 F.3d 295 (5th Cir. 1998), *cert. denied*, 119 S.Ct. 847 (1999); *Sonnier v. Johnson*, 161 F.3d 941, 944 (5th Cir. 1998); *Flanagan v. Johnson,* 154 F.3d 196, n.1 (5th Cir. 1998) (§ 2244(d)(2) requires federal courts to toll the time spent in state court post-conviction litigation). Respondent submits the exceptions of § 2244(d)(1)(B-D) are inapplicable in the instant case. As a result, the Petitioner failed to file his habeas petition within the allotted time period.

**II.**

The Petitioner, Jeffrey Chapell, is lawfully in the custody of Michael White, Superintendent of the Central Mississippi Correctional Facility in Pearl, Mississippi. On July 27, 2007, Chapell

entered a guilty plea to three (3) counts of sexual battery (Counts 3, 4, and 8 of the indictment) in the Circuit Court of Desoto County, Mississippi (Chapell was originally indicted for ten (10) separate counts - seven (7) counts of sexual battery and three (3) counts of fondling). At that time, he was sentenced to serve twenty-five (25) years for each count of sexual battery, with said sentences to run concurrently, in the custody of the Mississippi Department of Corrections ("MDOC"). **Exhibit A**. Also on July 27, 2007, Chapell entered a guilty plea to two (2) counts of fondling (Counts 6 and 7 of the indictment) in the Circuit Court of Desoto County, Mississippi. At that time, he was sentenced to serve zero (0) years in the custody of the MDOC, but upon release from incarceration set forth in Counts 3, 4, and 8 for sexual battery, to be placed under a term of fifteen (15) years post-release supervision each for Counts 6 and 7 (with five (5) years reporting, ten (10) years non-reporting), said periods to run concurrently with one another. **Exhibit B**.

By statute, there is no direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. Accordingly, Respondent submits that Chapell's judgment became final on August 26, 2007, thirty (30) days after he was sentenced on his guilty plea.[2] *See Roberts v. Cockrell*, 319 F.3d 690 (5th Cir.

---

[2] As stated above, there is a statutory prohibition of direct appeals from guilty pleas under state law. Nevertheless, at the time of Chapell's plea, the Mississippi Supreme Court had carved out an exception, allowing an appeal from a guilty plea within thirty (30) days when the issue concerns an alleged illegal sentence. *See Burns v. State*, 344 So.2d 1189 (Miss. 1977); *Trotter v. State*, 554 So.2d 313 (Miss. 1989); *Berry v. State*, 722 So.2d 706 (Miss. 1998); *Campbell v. State*, 743 So.2d 1050 (Miss.Ct.App. 1999); and *Acker v. State*, 797 So.2d 966 (Miss. 2001). The Mississippi Court of Appeals has since recognized that this exception no longer applies to guilty pleas taken after the July 1, 2008, effective date of the new amendment to Mississippi Code Annotated section 99-35-101 (Supp.2009). *Seal v. State*, 38 So.3d 635 (Miss.Ct.App. 2010). However, because Chapell's guilty plea was taken before this amendment, Respondent submits that Petitioner is entitled to the benefit of the earlier exception. As such, in light of *Roberts v. Cockrell*, 319 F.3d 690 (5th Cir. 2003), Respondent submits that the longest possible amount of time that could be added to the date of the entry of a guilty plea to determine finality of a petitioner's conviction under § 2244(d)(1)(A) would be thirty (30) days, which is the period of time allowed for seeking review of an alleged illegal sentence under state law.

2003). Therefore, unless Chapell filed a "properly filed" application for post-conviction relief ("PCR") as contemplated by 28 U.S.C. § 2244(d)(2) on or before August 26, 2008, to toll the limitations period, his habeas petition would be filed too late. *See Grillete,* 372 F.3d at 769; *Flannagan v. Johnson*, 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806 (5th Cir. 1998).

On July 21, 2010, Chapell, through counsel, filed an Motion for Post-conviction Relief in the Desoto County Circuit Court. **Exhibit C** (without accompanying exhibits). By order filed February 23, 2011, the circuit court denied the motion. **Exhibit D**. Chapell appealed the denial to the Mississippi Supreme Court, and on June 19, 2012, the Mississippi Court of Appeals affirmed the denial in a written opinion, a copy of which is attached hereto as **Exhibit E**. *Chapell v. State*, 107 So.3d (Miss.Ct.App. 2012) *reh'g denied,* Nov. 6, 2012; *cert. denied,* Feb. 21, 2013 (Case No. 2011-CA-00336-COA). As the motion for PCR was filed after August 26, 2008, Chapell is not entitled to statutory tolling of the AEDPA's statute of limitations for the pendency of his post-conviction motion. Therefore, Respondent again submits that the deadline for the filing of Chapell's federal habeas was August 26, 2008,

### III.

Chapell's federal habeas petition was filed by counsel, therefore, this petition is not entitled to the benefit of the "mailbox rule." *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied*, 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). The instant habeas petition was stamped "filed" in this case on August 30, 2013. As such, the Petitioner's habeas petition was filed some 1,830 days beyond the August 26, 2008, deadline for filing his federal habeas

petition. The Petitioner has given no valid explanation for the tardiness of his federal habeas petition, and he fails to present any "rare and exceptional circumstance" as to invoke equitable tolling of the limitations period.[3] *See Scott v. Johnson*, 227 F.3d 260, 263 & n.3 (5th Cir. 2000), *cert. denied*, 532 U.S. 963 (2001); *Felder v. Johnson,* 204 F.3d 168, 171 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000)*; Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir.1999). Because Chapell's petition was filed too late, and because he cites no "rare and exceptional" circumstance to warrant equitable tolling, Respondent submits that the petition must be dismissed with prejudice pursuant to the one-year statute of limitation provision of the AEDPA.

**WHEREFORE, PREMISES CONSIDERED,** Respondent respectfully moves this Court to dismiss the instant petition pursuant to 28 U.S.C. § 2244(d) and to deny petitioner a Certificate of Appealability to appeal this matter to the United States Court of Appeals for the Fifth Circuit. Respondent further moves this Court to dispense with the necessity of filing a brief in support of this motion, as the motion is self-explanatory.

---

[3] The Petitioner was not actively misled nor prevented in some extraordinary way from asserting his rights.  *See Ott v. Johnson*, 192 F.3d 510, 513-14 (5th Cir. 1999).

Respectfully submitted, this the 25th day of June, 2014,

**JIM HOOD**
**ATTORNEY GENERAL OF MISSISSIPPI**

**JERROLYN M. OWENS**
**SPECIAL ASSISTANT ATTORNEY GENERAL**

**LESLEY G. MILLER**
**SPECIAL ASSISTANT ATTORNEY GENERAL**

**FRANCES P. CROFT**
**SPECIAL ASSISTANT ATTORNEY GENERAL**


**BY:** s/Frances P. Croft
　　　Miss. Bar No. 101904


Mississippi Attorney General's Office
Post Office Box 220
Jackson, Mississippi 39205
Telephone:　　601.359.3880
Fax:　　　　　601.359.3796
Email:　　　　fcrof@ago.state.ms.us

**CERTIFICATE OF SERVICE**

      This is to certify that I, **Frances Patterson Croft,** Special Assistant Attorney General for the State of Mississippi, have on this date, electronically filed the foregoing **Motion To Dismiss** with the Clerk of the Court using the ECF system which sent notification of such filing to the following: United States Magistrate Judge Jane M. Virden, and to the attorney for the Petitioner, Grady Morgan Holder, Esq.

.

      This, the 25th day of June, 2014.

      **s/ Frances P. Croft**
      **Miss. Bar No. 101904**

Mississippi Attorney General's Office
Post Office Box 220
Jackson, Mississippi 39205
Telephone:    601.359.3880
Fax:    601.359.3796
Email:    fcrof@ago.state.ms.us